## RHODIA, INC.

### v.

### UNITED STATES.

C.D. 4630; Court Nos. 70/2988, etc.

United States Customs Court.

Jan. 30, 1976.

Sharretts, Paley, Carter & Blauvelt, New York City (Stephen R. Stern and Patrick D. Gill, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C. (Herbert P. Larsen, New York City, trial atty.), for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

In the absence of any factual dispute, these cross-motions [1] raise again the issue decided in *Rhodia, Inc. v. United States,* 69 Cust.Ct. 19, C.D. 4366 (1972), in which it was held that an importation of a compound commonly called N-methyl glucamine was properly classifiable as a monomethyl monoamine [2] rather than as other nitrogenous compounds.[3]

The information supplied in support of these motions has been more complete and well rounded than that presented in the prior case, proving, I suppose, that in areas of specialized knowledge the initial impression of being well informed can be illusory. As a result, I am now convinced that the conclusion reached in the first *Rhodia* case was erroneous. The doctrine of *stare decisis* is, of course, no basis for the perpetuation of an error which has been clearly and convincingly demonstrated. *United States v. Mercantil Distribuidora, S. A., et al.,* 45 CCPA 20, 23–24, C.A.D. 667 (1957).

Although the resolution of these motions has not been without its initial difficulties, the outcome of close study leaves no doubt in my mind as to the incorrectness of the first decision.

The affidavits submitted in support of defendant's motion establish with impressive authority precisely in which respects the prior decision was mistaken. Generally speaking, it was wrong to regard the language of item 425.20 as indicating the existence of a "class" of monoamines whose extent was limited only by the ingenuity of chemists in making substitutions apart from the single amine function. Similarly, it was wrong to speak of the importation at issue as a "form" of monoamine as if it were a variety of an *eo nomine* substance rather than another substance altogether.

The weight of the expert opinion now before the court is that in correct and accurate chemical terminology there is only one substance in the category monomethyl monoamine (which is methylamine, not the merchandise at bar) and the importation cannot be properly named as if it were a variety of monoamine. To do so would violate the prevailing rules of nomenclature

---

1. Plaintiff moved for judgment on the pleadings and defendant cross-moved for summary judgment.

2. Item 425.20 of the TSUS.

3. Item 425.52 of the TSUS.

by which chemists abide and result in errors and anomalies too numerous to detail here.

Contrary to what was thought in the original opinion, it now appears that the certainty and predictability of chemical tariff classification was not being fostered. Although I would certainly not rule out the possibility that chemicals may be classified under names which are popular or loose, the interests of certainty are probably best served by ordinarily utilizing the systematic terminology sanctioned by the acknowledged authoritative sources.[4]

As is pointed out by Dr. Loening, the classification of the importation as a monoamine is inconsistent with the nomenclature rules of both the *International Union of Pure and Applied Chemistry* and *Chemical Abstracts.*

Under these rules, the first step in arriving at a correct name for a compound is to determine the principal functional group. In this process hydroxyl groups outrank amino groups, or stated differently, hydroxyl groups are given a higher priority than amino groups for citation as the principal group in a compound. This leads to the naming of the importation as an alcohol and not as an amine since the priority of the hydroxyl groups is obvious in the structural formula depicted in the prior decision at page 20.

The remaining affidavits offered in support of defendant's motion are hardly less authoritative or incisive in analyzing the incorrectness of the prior decision and in discussing the correct chemical terminology. As a result, I am persuaded that the monoamines set out in item 425.20 can only be those compounds in which the amino group is not superseded by a function of higher priority as such functions are determined in accordance with the prevailing standards of chemical nomenclature.

The affidavits offered by plaintiff were not without their measure of authority or persuasion but in the balance they did not persuade me that the naming of the importation as a monoamine was correct.

For the reasons set out above and because it is undisputed that the importation is an organic nitrogenous compound, it is hereby

ORDERED, that plaintiff's motion for judgment on the pleadings be, and the same hereby is, denied, and it is further

ORDERED, that defendant's motion for summary judgment be, and the same hereby is, granted, and it is further

ORDERED, ADJUDGED and DECREED, that the classification of the merchandise at bar by the appropriate customs officer, under item 425.52 of the TSUS, as modified by T.D. 68–9, be, and the same hereby is, sustained, and it is further

ORDERED, ADJUDGED and DECREED, that all claims by plaintiff be, and the same hereby are, overruled and dismissed with prejudice.

---

4. See generally, Tariff Classification Study, Schedule 4, page 2.